IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA MANCUSO, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-4668 (JBS) |
| v. | |
| | **OPINION** |
| CHAMPION MORTGAGE; CHAMPION MORTGAGE, DIVISION OF KEYBANK, | |
| Defendants. | |

**APPEARANCES:**

Kevin M. Costello, Esq.
LAW OFFICES OF KEVIN M. COSTELLO
2090 Route 70 East
Cherry Hill, NJ 08003
    Attorney for Plaintiff

Amy L. Ventry, Esq.
NIXON PEABODY LLP
50 Jericho Quadrangle
Suite 300
Jericho, NY 11753-2728
    Attorney for Defendants

**Simandle, District Judge:**

**I.    INTRODUCTION**

        This matter is before the Court on the motion filed by

Defendant KeyBank National Association ("Defendant" or "KeyBank")

(improperly named in this action as "Champion Mortgage" and

"Champion Mortgage, Division of Key Bank"), for an Order

dismissing the Complaint filed by plaintiff Patricia Mancuso

("Plaintiff") in its entirety, and with prejudice, due to

plaintiff's failure to state claims upon which relief may be

granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, and for summary judgment, pursuant to Rule 56 of the

Federal Rules of Civil Procedure, and awarding KeyBank the costs

of this motion, including reasonable attorneys' fees.

This case arises out of the former employment relationship

between Plaintiff and Defendant.

The Court will construe Defendant's motion as a motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and not as a motion

for summary judgment, because discovery was still pending at the

time of the motion.[1]  See Miller v. Beneficial Management Corp.,

977 F.2d 834, 845 (3d Cir. 1992) (holding summary judgment on the

merits was precluded by the incomplete state of discovery); Sames

v. Gable, 732 F.2d 49, 51 (3d Cir. 1984) (holding it error for

the district court to grant summary judgment without a hearing

while discovery requests regarding central issues of fact were

---

[1] Defendant's motion was filed on November 5, 2007 [Docket
Item 6], which was before the initial scheduling conference was
held in this matter. Although a related charge of disability
discrimination was initially investigated by the EEOC, there has
not been any discovery in this civil action. As Plaintiff's
counsel indicated in his belated Rule 56(f) declaration in
opposition to the motion for summary judgment, none of the
individuals referenced in the Complaint or in Defendant's motion
for summary judgment have been deposed.  Counsel wishes to ask
them, among other things, why Defendant initially denied
Plaintiff an accommodation as "unreasonable" that it permitted
other, nondisabled employees to use, and why, if the
accommodation was "unreasonable" it was provided to Plaintiff
shortly before he was fired.  Given the incomplete state of
discovery at the time this motion was filed, a motion for summary
judgment would be premature.  The Court will only address the
motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

2

still pending); <u>Costlow v. United States</u>, 552 F.2d 560, 564 (3d Cir. 1977) (holding that a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course).

Because Plaintiff has failed to bring her claims for failure to accommodate within the applicable two-year limitations period, the Court shall grant the motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) as to Count One, the failure to accommodate claim. However, because the continuing violations doctrine applies to her harassment claim in Count Two, and because the retaliatory discharge claim in Count Three is timely and adequately pled, the Court shall deny the motion to dismiss as to those claims. The Court shall not construe the motion as one for summary judgment, as such a motion would be premature at this stage.

## II.  BACKGROUND

Plaintiff was a loan officer for Champion Mortgage, Defendant's company, from April 5, 2004 to May 23, 2005. Plaintiff filed this action on May 21, 2007 in New Jersey Superior Court and served Defendant on August 30, 2007. Defendant removed the matter here on September 28, 2007.

As a loan officer for Champion, the essential functions of Plaintiff's job, as described in KeyBank's loan officer job description, were to originate mortgage loans, explain the

3

requirements of various loan programs, consult with prospective loan applicants and meet their ffinancial needs, consult with loan applicants throughly and request proper documentation in order to make a loan decision, follow up with applicants to assist and guide customers through the loan process in a timely fashion, communicate loan information in a clear, concise, organized and professional manner, and to provide quality customer service to both internal and external customers.  (Def. St. Undisp. Mat. Facts at ¶ 28, Pl. St. Undisp. Mat. Facts at ¶ 28.)  A loan officer's goals were to match customers with the appropriate loan programs and to help them through the process of applying for and receiving loan funds.  (Def. St. Undisp. Mat. Facts at ¶ 32, Pl. St. Undisp. Mat. Facts at ¶ 32.)

The Complaint in this matter contains three counts alleging discrimination based on disability in violation of the New Jersey Law Against Discrimination ("LAD").  Count One alleges failure to accommodate; Count Two alleges "intentional retaliation against Plaintiff," including harassment, on account of Plaintiff's request for an accommodation; and Count Three alleges a discriminatory and retaliatory discharge on account of disability or the request for an accommodation.

Plaintiff asserts that she suffers from epilepsy, with which she was diagnosed after she became employed by Defendant (Compl. ¶ 9), and that epilepsy is a disability pursuant to the LAD (Id.

4

at ¶ 17).  Plaintiff also alleges that in the summer of 2004 she requested an accommodation of working from home. (Id. at ¶¶ 5, 13-14, 20.)  Plaintiff alleges that the request was denied and that "she was immediately retaliated against for having made this request."  (Id. at ¶ 20.)  "Particularly, Damon Dukes, the member of upper management began the retaliation, intimidated and abused the plaintiff, treating her in a hostile, intimidating and abusive fashion 'because of' plaintiff's status as a 'disabled person' and/or her status as a requestor of an accommodation." (Id. at ¶ 21.)

Eventually Plaintiff was permitted to work from home. However, she alleges that Defendant "sabotaged" her because there were "unceasing 'technical problems'" that made it impossible for her to work effectively from home.  (Id. at ¶ 22.)  Plaintiff was fired on May 2005, allegedly because of poor performance (Id. at ¶ 4.)  Plaintiff claims the reasons given for her firing were pretextual and that she was actually fired because of her disability and her request for reasonable accommodation.

## III. MOTION TO DISMISS

### A.    Standard

On a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether,

under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

> While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level."

<u>Phillips</u>, 515 F.3d at 234.  "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" <u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 234 (3d Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, _____ U.S. ____ , 127 S. Ct. 1955, 1965 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, _____ U.S. ____ , 127 S. Ct. at 1964-65 (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)).

> "[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. [<u>Twombly</u>, 127 S. Ct. at 1965 n.3.]  This "does not impose a probability requirement at the pleading

> stage," but instead "simply calls for enough
> facts to raise a reasonable expectation that
> discovery will reveal evidence of" the
> necessary element.  Id.

Phillips, 515 F.3d at 234.

Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint are taken into consideration.  Chester County Intermed. Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). Without converting this motion to a motion to summary judgment, the "court may consider an undisputedly authentic document . . . if the plaintiff's claims are based on the document."  Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Although Rule 12(b)(6) does not explicitly list the statute of limitations as a basis for granting a motion to dismiss,

> the law of this Circuit (the so-called "Third
> Circuit Rule") permits a limitations defense
> to be raised by a motion under Rule 12(b)(6),
> but only if "the time alleged in the statement
> of a claim shows that the cause of action has
> not been brought within the statute of
> limitations." Hanna v. U.S. Veterans' Admin.
> Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975). "If
> the bar is not apparent on the face of the
> complaint, then it may not afford the basis
> for a dismissal of the complaint under Rule
> 12(b)(6)." Bethel v. Jendoco Constr. Corp.,
> 570 F.2d 1168, 1174 (3d Cir. 1978).

Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002).

**B.   Defendant's Motion to Dismiss Counts I and II**

1.   Statute of Limitations and Continuing Violations

The statute of limitations for all claims made pursuant to the LAD is two years.  Montells v. Haynes, 133 N.J. 282, 292 (1993).  Plaintiff filed this action on May 21, 2007 – just two days short of two years after she was fired.  Defendant argues that the claims in Counts I and II relate to discrete acts and accrued more than two years ago, therefore making them untimely.

However, "[t]he continuing violation doctrine provides an exception to that limitations period."  Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 18 (2002).  "When an individual is subject to a continual, cumulative pattern of tortious conduct, the statute of limitations does not begin to run until the wrongful action ceases."  Wilson v. Wal-Mart Stores, 158 N.J. 263, 272 (1999).  Plaintiff argues that she has adequately alleged a continuing violation, or that she should be permitted to amend her complaint to do so[2], and that, therefore, all of her claims are timely.

---

[2]  Plaintiff has not made a motion to amend the Complaint, nor provided the Court with a proposed amendment, as Local Civil Rule 7.1(f) requires.  Therefore, the Court will construe the only Complaint that has been filed and served in this matter. The Court shall not deem the Complaint to be amended by mere statements of intentions to do so.

In determining whether the claims under the LAD are timely, this Court "must consider two questions." <u>Shepherd</u>, 174 N.J. at 21.

> First, have plaintiffs alleged one or more discrete acts of discriminatory conduct by defendants? If yes, then their cause of action would have accrued on the day on which those individual acts occurred. Second, have plaintiffs alleged a pattern or series of acts, any one of which may not be actionable as a discrete act, but when viewed cumulatively constitute a hostile work environment? If yes, then their cause of action would have accrued on the date on which the last act occurred, notwithstanding "that some of the component acts of the hostile work environment [have fallen] outside the statutory time period."

<u>Id.</u> (quoting <u>AMTRAK v. Morgan</u>, 536 U.S. 101, 116 (2002)).

      2.  <u>Count One Is Time-Barred</u>

Pursuant to Count One, Plaintiff alleges that she requested and was denied a reasonable accommodation "in the summer of 2004." (Id. at ¶ 20.)  This is a discrete act, actionable under the LAD and therefore it accrued in the summer of 2004 and is not covered under the continuing violations doctrine.  When Plaintiff sued in 2007, she sued too late for this claim.

As the Supreme Court explained in <u>Morgan</u> "the plaintiff may not base a suit on individual acts that occurred outside the statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on such conduct." <u>AMTRAK v. Morgan</u>, 536 U.S. at 117-18.  On the face of

the Complaint, Defendant failed to accommodate Plaintiff, and explicitly rejected her request for accommodation, more than two years before the action was filed.

> The Supreme Court has declared . . . that the continuing violation doctrine has no applicability to "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" because "[e]ach incident of discrimination and each retaliatory adverse employment action constitutes a separate actionable 'unlawful employment practice.'" AMTRAK v. Morgan, 536 U.S. 101, 114 (2002); cf. O'Connor v. City of Newark, 440 F.3d 125, 128 n.4 (3d Cir. 2006) (noting that this circuit has applied Morgan, a Title VII case, to ADA actions in two unpublished decisions).

Zankel v. Temple Univ., 245 Fed. Appx. 196, 199 (3d Cir. 2007).

In explaining that the rule of Morgan should apply to adverse employment actions made pursuant to any federal statute, the Third Circuit explained the logic behind the rule:

> Morgan held simply that causes of action that can be brought individually expire with the applicable limitations period. By contrast, the "hostile workplace environment" theory is designed explicitly to address situations in which the plaintiff's claim is based on the cumulative effect of a thousand cuts, rather than on any particular action taken by the defendant. In such cases, obviously the filing clock cannot begin running with the first act, because at that point the plaintiff has no claim; nor can a claim expire as to that first act, because the full course of conduct is the actionable infringement.

O'Connor v. City of Newark, 440 F.3d 125, 128 (3d Cir. 2006).

The New Jersey Supreme Court has adopted this <u>Morgan</u> rule
for LAD claims.  <u>Shepherd</u>, 174 N.J. at 21.  Thus, because
Plaintiff could have sued under the LAD when Defendant denied her
request for an accommodation, which occurred in the summer of
2004, the continuing violations doctrine does not save her claim
under Count One.  Plaintiff had only two years from the summer of
2004 to file a claim based on the alleged failure to accommodate
and Count One is time barred.

### 3.  <u>Count Two Is Not Time Barred</u>

Count Two of the Complaint alleges that Plaintiff was
continually harassed in retaliation for requesting an
accommodation, from the summer of 2004 until she was terminated
in May 2005.  The Complaint includes allegations that subsequent
to requesting an accommodation Plaintiff experienced intimidation
and harassment, unnecessary criticism, and a reduction in the
leads on new accounts that she received from supervisors; that
she was told she would be permitted to work from home and then
denied the technical facilities to do so; and that she was then
fired; and that all this occurred in retaliation for requesting
an accommodation or having epilepsy.  (Compl. ¶¶ 22-28.)

This Court holds that because Plaintiff has alleged a series
of acts, any one of which may not be actionable as a discrete
act, but which when viewed cumulatively could constitute a
hostile work environment claim, her cause of action for Count Two

11

would have accrued on the date on which the last act occurred,
which is the day she was fired, May 23, 2005, even though many of
the components of this claim occurred more than two years before
this case was filed.  See Shepherd, 174 N.J. at 21 (explaining
this rule).  This last act, the firing, occurred within the
limitations period, that is, less than two years before the
Complaint was filed.  Therefore, the Court shall deny the motion
to dismiss Count Two, insofar as it is a harassment claim, as
untimely.

**C.   Defendant's Motion to Dismiss Count Three**

Defendant argues that Count Three must be dismissed because,
as a matter of law, the request to work from home is not a
request for a reasonable accommodation and because Plaintiff was
not qualified to perform the duties of her position. Therefore,
Defendant argues, firing her does not give rise to a claim under
the LAD.

Count Three is a claim that Plaintiff was fired in
retaliation for requesting an accommodation for epilepsy.
Defendant's argument is that unless the Plaintiff specifically
requests an accommodation that is "reasonable" under the LAD,
that is, legally required, then the employer is free to fire the
employee.  This is not the law.  See N.J.A.C. 13:13-2.5(b)
(administrative regulations requiring reasonable accommodations).

> "The LAD does not specifically address
> reasonable accommodation, but our courts have

12

> uniformly held that the law nevertheless
> requires an employer to reasonably accommodate
> an employee's handicap." <u>Tynan v. Vicinage 13
> of the Superior Court of N.J.</u>, 351 N.J. Super.
> 385, 396 (App. Div. 2002). Administrative
> regulations set out the specific requirements
> of the reasonable accommodation process
> mandated by the LAD. In brief, unless it would
> impose an undue hardship on the operation of
> the business, N.J.A.C. 13:13-2.5(b) requires
> an employer to make a "reasonable
> accommodation to the limitations of an
> employee . . . who is a person with a
> disability."

<u>Potente v. County of Hudson</u>, 187 N.J. 103, 110 (2006). That

regulation further explains, in relevant part, that there are no

bright-line rules as to what constitutes a reasonable

accommodation. "The determination as to whether an employer has

failed to make reasonable accommodation will be made on a

case-by-case basis." N.J.A.C. 13:13-2.5(b). That analysis

requires examination of the impact the accommodation will have on

the business and whether the employee's work can be restructured,

among other things. <u>Id.</u> An employee need not perform this

analysis prior to requesting the accommodation in order to be

protected under the LAD.

Indeed, to succeed on a failure to accommodate claim, a

plaintiff must show that it made the employer aware, if only in

plain English, of the need for a reasonable accommodation for a

disability and that the employer failed to engage in a search for

an accommodation. Thus, it is the employer's obligation, when

informed by an employee that he has a disability, to interact

with the employee to search for a solution.

> Once such a request is made, "both parties
> have a duty to assist in the search for
> appropriate reasonable accommodation and to
> act in good faith." . . . This process must
> identify the potential reasonable
> accommodations that could be adopted to
> overcome the employee's precise limitations
> resulting from the disability. Once a
> handicapped employee has requested assistance,
> it is the employer who must make the
> reasonable effort to determine the appropriate
> accommodation.
>
> To show that an employer failed to participate
> in the interactive process, a disabled
> employee must demonstrate: (1) the employer
> knew about the employee's disability; (2) the
> employee requested accommodations or
> assistance for her disability; (3) the
> employer did not make a good faith effort to
> assist the employee in seeking accommodations;
> and (4) the employee could have been
> reasonably accommodated but for the employer's
> lack of good faith.

Tynan, 351 N.J. Super. at 400-01 (citations omitted).

This case no longer contains a failure to accommodate claim

pled as a separate count.  But the law on accommodations is

relevant to explaining that an employee does not have the burden

to request the exact accommodation that will ultimately work for

both parties in order to be protected by the LAD.  Therefore, on

the face of the Complaint, Plaintiff's retaliatory discharge

claim in Count Three cannot be dismissed for failure to state a

claim.  Even if Plaintiff requested an accommodation that

Defendant was not required to provide, Defendant cannot fire

14

Plaintiff for making the request.  N.J. Stat. Ann. 10:5-12(d)
prohibits employers from firing employees in retaliation for
opposing a failure to accommodate.

Nor can the claim be dismissed for failure to plead the
elements of a prima facie case.  "[I]n a discharge case, a
plaintiff must prove [at trial] that: (1) he was in the protected
group; (2) he was performing his job at a level that met his
employer's legitimate expectations; (3) he nevertheless was
fired; and (4) the employer sought someone to perform the same
work after he left."  Id. at 450.  For purposes of this motion,
all concede that Plaintiff was covered by the LAD.  Only prong
two is in dispute and the Court cannot resolve it on a motion to
dismiss.

New Jersey courts have emphasized that the burden in the
prima facie LAD termination case is very slight, even on summary
judgment.

> All that is necessary [to show the employee
> was performing his job at a level that met the
> employer's legitimate expectations] is that
> the plaintiff produce evidence showing that
> she was actually performing the job prior to
> the termination. Along with the remaining
> prongs of the prima facie case, that evidence
> is sufficient to support the conclusion that
> the plaintiff's claim of discrimination is
> plausible  enough to warrant promotion to the
> next step of the McDonnell Douglas test. That
> is not a heavy burden nor was it meant to be.
> . . .
>
> As we have indicated, only the plaintiff's
> evidence should be considered. That evidence

15

> can come from records documenting the
> plaintiff's longevity in the position at issue
> or from testimony from the plaintiff or others
> that she had, in fact, been working within the
> title from which she was terminated. Because
> performance markers like poor evaluations are
> more properly debated in the second and third
> stages of the burden-shifting test, they do
> not come into play as part of the second prong
> of the prima facie case. Thus, even if a
> plaintiff candidly acknowledges, on his own
> case, that some performance issues have
> arisen, so long as he adduces evidence that he
> has, in fact, performed in the position up to
> the time of termination, the slight burden of
> the second prong [of the prima facie case] is
> satisfied.

Id. at 454-55 (citations omitted).  In this case, Defendant

concedes that Plaintiff was working prior to termination, but

argues that she was doing so incompetently.  The Court cannot

dismiss such a case upon a Rule 12(b)(6) motion.  If such

incompetency is a matter beyond factual dispute, Defendant may,

at the appropriate time, renew its summary judgment motion under

Rule 56.

Because Plaintiff was working for Defendant when she was

fired and she adequately alleges that she was fired in

retaliation for her request for an accommodation, she has

adequately alleged a retaliatory discharge claim under the LAD to

survive this motion to dismiss.  The Court shall not dismiss

Count Three, which was timely asserted.

**IV.  CONCLUSION**

16

For the reasons explained above, the Court shall grant the motion to dismiss Plaintiff's claim in Count One, for failure to accommodate, but shall deny Plaintiff's claims in Counts Two and Three, that she was harassed and fired in retaliation for revealing her disability and requesting an accommodation.  An appropriate Order shall be entered.


**June 12, 2008**         **s/ Jerome B. Simandle**
Date                JEROME B. SIMANDLE
                   U.S. District Judge